DATE FILED: August 22, 2013 5:26 PM
FILING ID: 829E747EDDF98

| ☐ Small Claims   ☒ County Court   ☐ District Court<br>☐ Probate Court   ☐ Juvenile Court   ☐ Water Court<br>LAKE  County, Colorado<br>Court Address:   PO Box 55, Leadville, CO 80461<br><br>THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff,<br>v.<br>TRAVIS J. SIMMONS, Defendant<br><br><br>Attorney or Party Without Attorney: (Name & Address)<br><br><br><br>Phone Number:<br>FAX Number:<br>E-mail:<br>Atty. Reg. #: | ▲ COURT USE ONLY ▲<br><br>Case Number:  12 CR 51<br><br>Div. P   Ctrm: |
|---|---|
| ORDER PARTIALLY GRANTING DEFENDANT'S MOTION DISMISS DUE TO PROSECUTION'S FAILURE TO PRODUCE NECESSARY DISCOVERY | |

  This matter came before the court on June 11, 2013 for hearing on Defendant's Motion to Dismiss Due to Prosecution's Failure to Produce Necessary Discovery. The People appeared by Deputy District Attorney Mark F. Franklin. The Defendant appeared personally and with his attorney, William Alexander Marsh. The court having heard the evidence and having reviewed the file finds and orders as follows.

## FACTS

  Defendant is charged with Driving Under the Influence, Driving Under the Influence Per Se, Eluding a Police Officer and two counts of Resisting Arrest. On December 4, 2012 the court entered an Order Granting Motion for Additional Discovery. The order required the People to produce computer generated (or otherwise generated) Taser use logs.

  On January 28, 2013 the court granted Defendant's Forthwith Motion to Compel Discovery. The order required the People to produce video from the Leadville Police Car involved in the incident, logs, computer or otherwise, from the Taser X26 used on the night in question and records of officer certification and operation of the Taser. The People have not been able to produce computer logs from the Taser X26.

1


EXHIBIT B

Dan Montgomery testified as an expert witness in the fields of use of force by law enforcement and taser policies and procedures. Mr. Montgomery testified that the Taser contains a computer chip that records the dates, times and duration of application of the Taser. His opinion was that law enforcement should download that information no less then twice per year and preferable quarterly. The information should also be downloaded if the Taser is applied to a person. The information could then be used to ensure that the Taser is being used properly and to reset its internal clock. He also testified that the information from the Taser log would be the best information available as to which mode was used and the duration and strength of use. His opinion was that the downloaded information often differs from the recollections of the officers because of the stress of the situation. Mr. Montgomery also testified that the length of use of the taser would be important as its use can hamper the subject's ability to hear and respond to law enforcement commands.

Lake County Undersheriff Mendoza testified that the Taser was purchased by a prior administration in 2005-2007. Upon receiving the request for computer logs he responded that the Department had no such logs and that he did not know about the download capability. Upon further investigation he learned that download was possible. He then found a cord in storage that would attach the Taser to a computer for downloading information. He was unable to download anything using the procedures set forth in the Taser Manuel. He then contacted an expert who also tried to download the data using his own cord. The expert was also unable to extract any data. The Undersheriff further testified that since he has been with the Sheriff's Department (January of 2011) tasers have only been used by deputies 2-3 times. This is the first case where computer downloads were requested.

## ISSUE

Defendant argues that the case should be dismissed because the People have failed to collect exculpatory evidence. He equates the failure to produce the Taser Log to be tantamount to suppression of evidence and a denial of due process.

The People have argued that they have made good faith efforts to produce the Taser Log and that dismissal is not warranted.

## ORDER

In deciding this case the court is guided by People v. Enriquez, 763 P.2d 1033 (Colo. 1988). The Colorado Supreme Court held:

> "Therefore, in order to establish a due process violation for failure to preserve potentially exculpatory evidence, the defendant must establish that: (1) the evidence was suppressed or destroyed by the prosecution; (2) the evidence possessed an exculpatory value that was apparent before it was destroyed; and (3) the defendant was unable to obtain comparable evidence by other reasonably available means."

2

The court must now decide if Defendant has met his burden as to the three elements set forth.

As to the first element the court finds that there is no evidence that the Taser Log was deliberately destroyed. The evidence is that it cannot be downloaded and made available to the parties. The court finds that the failure to produce the Taser Log is tantamount to destruction, even though there is no evidence that the sheriff's department deliberately made it unavailable. The People have the duty to preserve discoverable evidence. People v. Morgan, 681 P.2d 970 (Colo. App. 1984). The court finds that the People have failed to preserve the Taser Log and that Defendant has met his burden of proof as to the first element. Although the People are not attempting to hide evidence, nonetheless it is unavailable, which equates to destruction.

The court now moves to whether the Taser Log possessed an exculpatory value before it was made unavailable. The court finds that the Taser Log did possess exculpatory value. Mr. Montgomery testified that the Log would be important to determine for how long and at what strength Defendant was tased. He further testified that such evidence would have bearing on whether Defendant could hear and respond to orders. Although the sheriff's department has not been creating the logs of taser use the only evidence before the court is that it should be. Defendant has met his burden of proof as to the second element.

The remaining element is whether Defendant can obtain comparable evidence by other reasonable means. There is no evidence before the court that Defendant can obtain information about the usage of the Taser on him other then the internal log. Defendant has met his burden of proof as to the third element also and has proved a due process violation.

The court must now fashion an appropriate remedy. Defendant has asked that the case be dismissed. The evidence is that Defendant was tased after being stopped for various driving offenses. The evidence of the Taser Log would have no bearing on whether Defendant committed the driving offenses since it was not used on him until after he had been stopped. However, the Taser Log would be relevant to whether Defendant resisted arrest. Evidence of the strength and duration of the Taser would be relevant to whether Defendant was aware of law enforcement orders and could comply.

The court finds that appropriate remedy for the failure to produce the Taser Log is dismissal of the two counts of resisting arrest. Defendant's defense to the driving offenses will not be affected by the loss of the Taser Log as it was not used until after those offenses were alleged to have been committed. Counts 4 and 5 – Resisting Arrest are dismissed.

Dated this 3rd day of July, 2013.

BY THE COURT:

_____
Wayne Patton
Judge

3